# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-610-A |
| ) | |
| THOMAS ROBERTS ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter came before the Court for an <u>ex parte</u> proof of damages hearing on September 26, 2003. After defendant Thomas Roberts, failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement.

I.   INTRODUCTION

Plaintiff DIRECTV, Inc. ("plaintiff") filed a complaint on April 14, 2003, seeking minimum statutory damages and a permanent injunction against defendant Thomas Roberts ("defendant") pursuant to 18 U.S.C. § 2520. In November 1996, defendant opened an account with plaintiff for satellite television services. On or about July 10, 2000, defendant purchased a reader/writer and unlooper device ("pirate access device") that, when used with piracy software available on the internet, allowed defendant to

receive satellite television programs without authorization by or payment to plaintiff. Plaintiff alleges that defendant is in violation of: (1) the Federal Communications Act of 1934, 47 U.S.C. § 605(a) and (e)(4); (2) the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a), 2512(b); and (3) the Virginia Computer Crimes Act, Va. Code §§ 18.2-152.3 and -.6. Plaintiff seeks either statutory damages or compensatory and punitive damages in accordance with the damage provisions of the statutes allegedly violated by defendant. Plaintiff also seeks reasonable attorneys' fees and costs, and an injunction restraining defendant from possessing or using pirate access devices, pursuant to 47 U.S.C. § 605(e)(3)(B)(I) and 18 U.S.C. § 2520(b)(1).

### A. Jurisdiction

This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(A), and the Electronic Communications Privacy Act, 18 U.S.C. § 2520(a). This Court has supplemental jurisdiction over the Virginia state law claims presented because they closely relate to the federal law claims. 28 U.S.C. § 1367(a) (1993). Personal

jurisdiction is appropriate in this Court because defendant resides and caused tortious injury within the Commonwealth. Va. Code Ann. § 8.01-328.1 (Michie 2000); Compl. ¶¶ 4, 9.

### B. Venue

Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this District because defendant resides in this District. (Compl. ¶ 5.)

### C. Process and Service

Process was served on defendant by posting the Summons and Complaint to the door of defendant's usual place of abode, at 122 Debra Drive, Stafford, Virginia, on June 26, 2003. Fed. R. Civ. P. 4(e)(1); Va. Code Ann. § 8.01-296(2)(b). The complaint and summons, moreover, complied with all federal requirements. Fed. R. Civ P. 4(a), (b).

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings. Default was entered by the Clerk of this Court on September 9, 2003. On August 29, 2003, the Honorable T.S. Ellis III scheduled this case for an *ex parte* proof of damages hearing on September 26, 2003. When defendants failed to attend the hearing, however, the undersigned Magistrate

Judge took this matter under advisement.

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the affidavit of Larry E. Rissler ("Rissler Aff."), plaintiffs' Special Counsel and Vice President in charge of the Office of Special Integrity, and the documents submitted in proof of damages, the undersigned Magistrate Judge finds that plaintiffs have established the following facts.

Plaintiff DIRECTV, Inc. is a corporation that provides direct broadcast satellite programming. Defendant is a natural person who began subscribing to plaintiff's service in November 1996. On or about July 10, 2000, defendant purchased a pirate access device from DSS Pro, a supplier of these devices. The pirate access device enables users to modify access cards supplied by plaintiff for use with its services. The reader/writer function of the device allows the user to receive satellite programming without paying plaintiff for the services. The unlooper function permits users to repair access cards that have been rendered unusable by misuse or Electronic Counter Measurers, a disabling electronic signal sent by plaintiff. The pirate access device supplied by DSS Pro has no real alternative

4

use other than allowing its buyers to improperly receive satellite programming. Based on these facts, there is little doubt that defendant used the pirate access device to view satellite programming provided by defendant without payment. (Rissler Aff. ¶¶ 12-17.)

Under 18 U.S.C. § 2520, plaintiff may recover the greater of minimum statutory damages of $10,000 or the sum of actual damages to plaintiff and profits made by plaintiff from his actions. In this case, defendant has not demonstrated its actual damages, its attorneys' fees and costs, or plaintiff's actual profits. Thus, defendant is entitled to minimum statutory damages and a permanent injunction against plaintiff.

### III. CONCLUSIONS

The undersigned Magistrate Judge concludes that defendant has intentionally intercepted an electronic communication and possessed a device for that purpose in violation of 47 U.S.C. § 605 and 18 U.S.C. §§ 2511 and 2512. Defendant is liable to plaintiff in the amount of $10,000.00 in minimum statutory damages and is permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 and 18 U.S.C. §§ 2511 and 2512.

5

IV.  RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in the amount of $10,000.00 in favor of plaintiff DIRECTV, Inc. and against defendant Thomas Roberts.

V.  NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service. A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and defendant at the following address:

Thomas Roberts
122 Debra Drive
Stafford, VA 22554

/s/ Theresa C. Buchanan
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

October 7, 2003
Alexandria, Virginia