# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DirecTV, Inc.,

                    Plaintiff,          Civ. No. 03-5630 (RHK/AJB)
                                          **MEMORANDUM OPINION
                                          AND ORDER**

v.

Van La,

                    Defendant.

---

Henry M. Helgen III, McGrann, Shea, Anderson, Carnival, Straughn & Lamb, Chartered, Minneapolis, for Plaintiff.

No appearance by Defendant.

---

### Introduction

Before the Court is Plaintiff DirecTV, Inc.'s ("DirecTV") Default Motion against Defendant Van La. For the reasons set forth below, the Court will grant DirecTV's motion, direct the Clerk to enter default, enter a default judgment on one count of the complaint, but will not award the requested statutory damages or attorney's fees and costs.

## Background

Drawn from DirecTV's complaint, the factual allegations are as follows: DirecTV is a California corporation with its principal place of business in California. Defendant is a citizen and resident of Minnesota. DirecTV provides television programming to millions of subscribers in the United States through a direct broadcast satellite system. To provide security and prevent unauthorized viewing of its programming, DirecTV encrypts, or scrambles, its satellite transmissions. Those authorized to view DirecTV programming are required to create an account, obtain a DirecTV Access Card, and purchase other system hardware, including a small satellite dish. Upon activation of the Access Card by DirecTV, the subscribing customer can de-encrypt DirecTV's satellite signal and view its television programming.

Despite these security measures, several companies sell modified DirecTV Access Cards and other devices ("pirate access devices") that permit the viewing of DirecTV's programming without authorization by, or payment to, DirecTV. In May 2001, DirecTV executed Writs of Seizure at various mail shipping facilities used by these companies and it secured sales records, shipping records, email communications, credit card receipts, and other documents showing the sale and purchase of pirate access devices. These records demonstrated that the Defendant placed an order with a distributor through the interstate or foreign wire facilities and purchased a pirate access device. That device was then delivered to the Defendant's Minnesota address via the United States Postal Service or other commercial mail carriers.

Based on this information, DirecTV filed a three-count Complaint against the Defendant. Count I alleges unauthorized reception of satellite signals, in violation of 47 U.S.C. § 605(a); Count II alleges unauthorized interception of electronic communications, in violation of 18 U.S.C § 2511(1)(a); and Count III alleges possession of pirate access devices, in violation of 18 U.S.C. § 2512(1)(b). Defendant was served with the summons and complaint in June 2003. (Doc. No. 3.) Thus, Defendant was required to answer or file an appropriate motion within twenty days thereafter. Fed. R. Civ. P. 12(a)(1)(A) Defendant has failed to do so.

## Standard of Decision

Default under Rule 55 of the Federal Rules of Civil Procedure encompasses two steps: the entry of the default and the subsequent entry of a judgment by default. 10 James Wm. Moore. Moore's Federal Practice § 55.10[1]; Fed. R. Civ. P. 55. For the first step, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P 55(a). For the second step, Rule 55(b)(2), under which DirecTV has moved, requires that "the party entitled to a judgment by default shall apply to the court therefor" and authorizes the court "to determine the amount of damages" where necessary "to enable [it] to enter judgment or to carry it into effect." Fed. R. Civ. P. 55(b)(2).

## Analysis

3

As noted above, DirecTV's three-count complaint alleges that Defendant violated three separate statutes. Its Default Motion, however, proceeds only on its claim under Count II—unauthorized interception of electronic communications, in violation of 18 U.S.C. § 2511(1)(a).[1]

On the first step for default under Rule 55, DirecTV has shown by affidavit that Defendant has failed to answer or otherwise defend. Accordingly, the Court will direct the Clerk to enter default against the Defendant.

On the second step, DirecTV has applied for a judgment by default on Count II. In Count II, DirecTV alleges the following: "By using Pirate Access Devices to decrypt and view DirecTV's satellite transmissions of television programming, defendant intentionally *intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept*, DirecTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a)." (Compl. Count II.) Section 2511(1)(a) imposes liability for such

---

[1] Although DirecTV makes reference to Defendant's violations as alleged in Counts I and III, it is clear that its motion proceeds only on Count II. With respect to Count I, which alleges a violation of 47 U.S.C. § 605(a), DirecTV does not mention the statutory damages that are provided for violations of § 605(a); its motion relies solely on those provided for violations of 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b). With respect to Count III, which alleges a violation of 18 U.S.C. § 2512(1)(b), this Court has previously determined that no private right of action exists. See DirecTV, Inc. v. Bertram, Civ. No. 03-3239 (RHK/AJB) (D. Minn. Dec. 30, 2003). Accordingly, Count III in its instant Complaint, identical to Count III in Bertram, will be dismissed with prejudice. Therefore, DirecTV's current motion is based on Defendant's violation as alleged in Count II—i.e., § 2511(1)(a)—alone. DirecTV remains free to move for a judgment by default on Count I and ask the Court for damages or other relief.

4

conduct.[2] Having determined that Defendant is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 2004); see Fed. R. Civ. P 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.") Accordingly, the Court finds that Defendant violated § 2511(1)(a) and will grant DirecTV's application for a judgment by default.

Finally, DirecTV seeks statutory damages of $10,000 per violation and $850 in attorney's fees and costs pursuant to 18 U.S.C. § 2520.[3] Section 2520 provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used ... may in a civil action recover from the person or entity which engaged in that violation" damages under subsection (c). 18 U.S.C. § 2520(a), (b)(2). Regarding damages, § 2520(c)(2) provides:

> [T]he court *may* assess as damages whichever is the greater of—
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

---

[2] Section 2511(1)(a) makes it a federal offense for any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept ... any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a).

[3] In its motion, DirecTV does not seek an injunction or declaratory relief. See 18 U.S.C. § 2520(b)(1) ("In an action under this section, appropriate relief includes ... such preliminary and other equitable or declaratory relief as may be appropriate.")

5

Id. § 2520(c)(2) (emphasis added). The Court has "broad[] discretion[] to award damages as authorized by the statute, or to award no damages at all." Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996) (interpreting § 2520(c)(2)). "However, the court's discretion extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the two statutory choices." DirecTV, Inc. v. Perrier, Civ. No. 03-400S, 2004 WL 941641, at *4 (W.D.N.Y. Mar. 15, 2004) (citing Schmidt v. Devino, 206 F. Supp. 2d 301, 306 (D. Conn. 2001). DirecTV, Inc. v. Kass, 294 F. Supp. 2d 1044 (N.D. Iowa 2003), Goodspeed v. Harman, 39 F. Supp. 2d 787, 791 (N.D. Tex. 1999)).

The Court finds on the facts of this case that $10,000 per violation of § 2511(1)(a) is excessive. See Reynolds, 93 F.3d at 435 ("We think it logical that Congress chose to make the award of such damages discretionary, given the potential of the law to bring financial ruin to persons of modest means, even in cases of trivial transgressions."); see also Perrier, 2004 WL 941641, at *4 (finding $10,000 award per violation excessive based on similar facts); Kass, 294 F. Supp. 2d at 1049 (same). There is no evidence of the duration of Defendant's interception, whether Defendant profited from the interception, or whether the interception resulted in actual damages to DirecTV. See DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1348 (M.D. Fla. 2003) (considering such factors in exercising discretion not to award statutory damages) (citing cases); see also Reynolds, 98 F.3d at 436 (affirming decision not to award statutory damages where, *inter alia*, there

6

were no profits earned by defendants and no actual damages incurred by plaintiffs) Accordingly, the Court exercises its discretion to award no statutory damages.

Furthermore, the Court finds that DirecTV has not established that its request for attorney's fees and costs is reasonable. See 18 U.S.C. § 2520(b)(3) ("In an action under this section, appropriate relief includes . . . a reasonable attorney's fee and other litigation costs reasonably incurred.") Its counsel has submitted nothing more than an affidavit averring that, "To date, the Plaintiff's attorney's fees and costs in this action, with regard to its claims against Defendant [] are in an amount greater than the $850.00 plead for in Plaintiff's complaint." With no supporting data regarding time spent, hourly rate, or reasonableness of fees or costs, its showing is insufficient.

### Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Plaintiff DirecTV, Inc.'s Default Motion (Doc. No. 5) is **GRANTED**:

1. The Clerk is directed to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a);

2. DirecTV is entitled to a judgment by default on Count II of its Complaint against Defendant for violations of 18 U.S.C. § 2511(1)(a) pursuant to Federal Rule of Civil Procedure 55(b)(2) and DirecTV is awarded no statutory damages and no attorney's fees or costs; and

3.    Count III of DirecTV's Complaint is **DISMISSED WITH PREJUDICE**.[4]

Dated: May 19, 2004

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[4] See supra n.1.

8